UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LYDIA MCCOY | CIVIL ACTION |
| VERSUS | NO. 22-443-BAJ-RLB |
| LORRAINE MCCORMICK, ET AL. | |

**ORDER**

Before the Court is a Motion to Stay Discovery filed by defendants Judge Steven Tureau ("Judge Tureau") and Gina Lee ("Lee") on August 16, 2022. (R. Doc. 59). No opposition was filed by the deadline to oppose this motion. *See* LR 7(f); Fed. R. Civ. P. 6(a), (d). Accordingly, the motion is unopposed.

**I.    Background**

Lydia McCoy ("Plaintiff"), who is proceeding *pro se*, filed this civil rights action in the United States District Court for the District of Oregon against several individual Louisiana residents, the Louisiana Court of Appeal, and the Louisiana Supreme Court, alleging that they violated her constitutional rights, violated several federal criminal and state statutes, and intentionally and negligently inflicted emotional distress in connection with a divorce proceeding in Louisiana state court. (R. Docs. 1, 18).

The action was transferred to this Court on July 5, 2022. (R. Docs. 52, 53).

On August 16, 2022, the Court addressed certain motions that were filed prior to the transfer of the action to this district. (R. Doc. 61). Among other things, the Court denied various motions to dismiss without prejudice to refile to the extent the arguments had not been made moot by the transfer. That same day, Judge Tureau and Lee filed the instant Motion to Stay Discovery, which seeks a stay of discovery until the resolution of their pending motions to dismiss. (R. Doc. 59). Lee filed a Motion to Dismiss raising various defenses, including

improper service, quasi-judicial immunity, qualified immunity, the *Younger* abstention doctrine, and failure to state a claim. (R. Doc. 58). Judge Tureau has since filed a motion to dismiss raising various defenses, including improper service, absolute judicial immunity, the *Younger* abstention doctrine, and failure to state a claim. (R. Doc. 66).[1]

In addition, other defendants have filed motions to dismiss since the transfer of this action. The Louisiana First Circuit Court of Appeal has filed a motion to dismiss raising various defenses, including improper service, lack of capacity to be sued, Eleventh Amendment Immunity, absolute judicial immunity, and failure to state a claim. (R. Doc. 73). Bridget Hanna ("Hanna"), Jill Lambert ("Lambert"), and June Julien ("Julien") have filed a motion to dismiss raising various defenses, including quasi-judicial immunity, qualified immunity, the *Younger* abstention doctrine, and failure to state a claim. (R. Doc. 75).

Various other named defendants have not made an appearance: Lorraine McCormick, Scott McCormick, Joseph McCoy, David Conachen, Michelle Robichaueax, and the Louisiana Supreme Court. The Court has ordered Plaintiff to serve all defendants in this action who had not been previously served with process on or before September 15, 2022. (R. Doc. 61 at 4).

Finally, the Court has set September 27, 2022 as the deadline to oppose Plaintiff's Motion for Declaratory Relief and Preliminary Injunction. (R. Doc. 42; *see* R. Doc. 72).

## II.    Law and Analysis

### A.    Legal Standards

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s

---

[1] The Court denied without prejudice Judge Tureau's pre-transfer motion to dismiss. (R. Doc. 30; *see* R. Doc. 61).

"good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer must survive the motion to dismiss (and the qualified immunity defense) *without any* discovery. Our prior decisions to the contrary are overruled.

*Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022) (expressly overruling *Lion Boulos v. Wilson*, 834 F.2d 504, 508-09 (5th Cir. 1987) and its progeny). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the

plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Carswell*, 37 F.4th at 1067-1069. The Fifth Circuit expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id*.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Carswell*, 37 F.4th at 1068 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell*, 37 F.4th at 1068 (quoting *Iqbal*, 556 U.S. at 686).

Similarly, a stay of discovery is proper where a defendant raises the defense of absolute immunity. "As the Supreme Court has stated, 'the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action.'" *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (quoting *Mitchell*, 472 U.S. at 525). "[A]bsolute immunity is properly viewed as '*immunity from suit* rather than a mere defense to liability[.]'" *Id.* (emphasis in original) (quoting *Mitchell*, 472 U.S. at 526). "Thus, the [Supreme] Court has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). "One of the purposes of

4

immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert*, 500 U.S. at 231-33. Consistent with the foregoing, the Fifth Circuit has stated that "discovery generally should not be allowed" until the "threshold" question of absolute immunity is resolved. *Rouser v. Johnson*, 36 F.3d 90 (5th Cir. 1994) (citing *Siegert*, 500 U.S. at 231-32); *see also Carlisle v. Normand*, No. 16-3767, 2018 WL 3474715, at *2 (E.D. La. July 19, 2018) (granting motion to stay discovery pending resolution of motions to dismiss concerning the defendant's sovereign immunity, absolute immunity, or qualified immunity).

### B.     Analysis

Having reviewed the instant unopposed motion to stay, the pending motions to dismiss, and the record as a whole, the Court finds it appropriate to stay discovery until resolution of the pending motions to dismiss.

To be clear, the *Carswell* decision forecloses any discovery involving Lee, Hanna, Lambert, and Julien while their qualified immunity defenses remain pending. The Court must stay all discovery with respect to these defendants, even discovery pertaining to claims to which the qualified immunity defense does not apply, because such discovery would present an undue burden to the defendants. *Carswell*, 37 F.4th at 1067-1069.

Similarly, the Court finds it proper to stay discovery with respect to Judge Tureau and the Louisiana First Circuit Court of Appeal in light of their absolute immunity defenses. *Rouser*, 36 F.3d 90.

Whether the remaining defendants are served and make an appearance in this action is yet to be seen. Regardless of whether those defendants raise any immunity defenses, the Court observes that any discovery in this action would subject Lee, Hanna, Lambert, Julien, Judge

5

Tureau, and the Louisiana First Circuit Court of Appeal to the burdens of discovery despite their immunity defenses.

At this time, the Court finds no plausible manner in which bifurcated discovery could proceed with respect to any prospective defendants who do not raise any immunity defenses without implicating, and unduly burdening, the defendants who have made appearances and have raised immunity defenses. Allowing discovery to proceed at this time would inappropriately subject Lee, Hanna, Lambert, Julien, Judge Tureau, and the Louisiana First Circuit Court of Appeal to the burdens of discovery. *See id.*; *see also Alexander v. Hall*, No. 20-21, 2022 WL 879496, at *2 (N.D. Miss. Mar. 23, 2022) ([T]his Court has previously found it proper to stay all discovery . . ., even when an immunity motion is asserted on behalf of fewer than all defendants in a multi-defendant case.").

To the extent necessary, the Court finds good cause under Rule 26(c) to stay discovery until resolution of the motions currently pending before the Court. Moreover, the Court finds it a proper exercise of its "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus*, 833 F.2d at 583.

### III. Conclusion

Given the foregoing,

**IT IS ORDERED** that the Motion to Stay Discovery (R. Doc. 59) is **GRANTED**, and discovery is **STAYED** until further order of the Court.

Signed in Baton Rouge, Louisiana, on September 13, 2022.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**